DeMatteis/Darcon v City of New York (2024 NY Slip Op 00736)

DeMatteis/Darcon v City of New York

2024 NY Slip Op 00736

Decided on February 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2024

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 652893/16 Appeal No. 1641 Case No. 2022-03160 

[*1]DeMatteis/Darcon, Joint Venture, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.

Westerman Sheehy Samann & Gillespie, LLP, East Meadow (David Westermann, Jr. of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kate Fletcher of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 8, 2022, which denied plaintiff's motion for summary judgment as to liability, unanimously affirmed, without costs.
In October 2010 plaintiff and defendant City of New York, through the New York City Department of Sanitation (City), executed a $195 million contract for plaintiff to construct a garage. During the construction project numerous change orders (COs) were issued, and the City extended the original contract completion date of March 20, 2014 several times. In 2016, after submitting a statement of claims for additional payments allegedly due, plaintiff sued the City for breach of the contract. Before the completion of discovery, plaintiff moved for partial summary judgment to hold the City liable for delay damages.
The court correctly found that the COs themselves were not conclusive evidence that the COs resulted in 624 delay days for which plaintiff was entitled to delay damages under article 11 of the contract. The expected delays noted on the COs were for the purpose of permitting the work to continue, and they did not represent compensable extensions of time, which are required to be sought under article 13 of the contract. In any event, even if the COs represented a determination of the amount of delay days, it does not follow that compensable delay damages are permitted for those days, as the contract requires not only delays, but "[e]xtended delays attributable to the City . . . as a result of the cumulative impact of multiple change orders, which have a verifiable impact on project costs" and which are "occasioned solely by any act or omission to act of the City." The record shows that delays on the project occurred because of subcontractors and other third parties and it cannot be said as a matter of law that those delays were not concurrent with those of the City.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2024